UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DOMNIQUE A. SMITH,

    Plaintiff,

    v.

FIRST MERCHANTS BANK, et al.,

    Defendants.

Case No. 2:25-CV-8-GSL-AZ

## ORDER

This matter is before the Court on Magistrate Judge Abizer Zanzi's Report and Recommendation, entered on March 4, 2026 [DE 43]. For the reasons more fully explained in the Report, Judge Zanzi recommends that the District Court grant all three of Defendants' respective motions to dismiss and, accordingly, dismiss this suit in its entirety with prejudice. Having reviewed both Judge Zanzi's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation [DE 43] in its entirety, **GRANTS** each of Defendants' motions to dismiss, and **DISMISSES** this case.

## DISCUSSION

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022); *see Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). A district court judge may fulfill

this obligation simply by "inform[ing] [this court] that [she] has conducted a *de novo* review." *Jones*, 22 F.4th at 679 (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, Plaintiff filed a series of objections [DE 44], which the Court recites as follows: (1) the Report improperly collapses multiple statutory claims into a single theory of liability, (2) the Report failed to conduct a statutory element analysis for one of the claims, (3) the Report improperly drew factual inferences from exhibits, (4) the Report mischaracterized tender-related evidence presented in the administrative record, and (5) the Report prematurely recommends dismissal with prejudice without permitting an amendment. [*Id.* at 2]. However, upon conducting a *de novo* review of these arguments, the Court finds that Plaintiff has missed the mark. Judge Zanzi explained it quite precisely in the conclusion of the R&R:

> Smith has pled herself out of court because either she did not adequately plead the claims she brings, or her exhibits contradict her claims. At their core, her claims rely on the use of the payment coupon, a theory of tendering money so frivolous and lacking in a legal basis that any claim using it could be dismissed summarily. Despite the charge from other courts to deny such claims on their face, I have analyzed each of Smith's claims and explained why none of them plausibly state a claim upon which relief can be granted or even allege an injury which can be traced to the defendants.

[*Id.* at 18]. Moreover, the Court notes that it is otherwise persuaded by Judge Zanzi's analysis and finds no clear error in any non-objected to portion of the Report.

Finally, Plaintiff argues that Judge Zanzi's recommendation to dismiss the case with prejudice without first providing an opportunity to amend, conflicts with Federal Rule of Civil Procedure 15, which liberally permits amendments "when justice so requires." *See* Fed. R. Civ.

P. 15(a)(2). That said, "leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). Here, Plaintiff filed an initial pro se complaint [DE 1] on January 8, 2025, which was denied by this Court for failure to state a claim. [*See* DE 43 at 2 n.1]. Plaintiff thereafter filed an Amended Complaint [DE 4] on March 4, 2025, and later a Verified Amended Complaint [DE 8] on March 14, 2025. Each filing came with its own set of defects.

It is clear to the Court that dismissal with prejudice is the appropriate course of action here, particularly where permitting an amendment would ultimately be futile. Plaintiff has now attempted to file multiple amended versions of the Complaint. Each filing missed the mark completely. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 819 (7th Cir. 2013).

## **CONCLUSION**

Having reviewed both Judge Zanzi's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation [DE 43] in its entirety, **GRANTS** each of Defendants' respective motions to dismiss, and **DISMISSES** this case with prejudice.

SO ORDERED.

ENTERED: March 25, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

3